TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(TORT) - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss**

RECEIVED
NOV 01 2021
CITY OF SPRINGFIELD
Law Department

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.**
2179CV00540

Cristina Aprileo , PLAINTIFF(S)

V.                                              **SUMMONS**

Cheryl Clapprood, et al , DEFENDANT(S)

To the above named defendant: The City of Springfield

You are hereby summoned and required to serve upon Jason R. Herrick, plaintiff's attorney, whose address is 10 School Street, Westfield, MA 01085, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Heidi E. Brieger, Esq., at Springfield the _____ day of _____ in the year of our Lord two thousand

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                   SUPERIOR COURT DEPARTMENT
                                               CIVIL ACTION NO.:

|  |  |
|---|---|
| GUISTINA APRILEO, <br> Plaintiff <br><br> v. <br><br> CHERYL CLAPPROOD, Individually and as Police Commissioner of the City of Springfield, OFFICER RICHARD WARD, OFFICER T. CASTRO, and OFFICER J. BACIS, Individually And as Police Officers of Springfield Police Department; and THE CITY OF SPRINGFIELD <br> Defendant | COMPLAINT |

## PARTIES

1. The Plaintiff, **Guistina Aprileo**, is a natural person who resides at 46 Alderman Street, Springfield, MA 01108.

2. The Defendant, **The City of Springfield,** is a municipal corporation organized under the laws of the Commonwealth of Massachusetts, and maintains and operates the Springfield Police Department located at 130 Pearl Street, Springfield, MA 01105.

3. The Defendant, **Police Commissioner Cheryl Clapprood,** individually and as Police Commissioner of the City of Springfield.

4. The Defendant, **Officer Richard Ward,** individually and as a police officer of the City of Springfield.

5. The Defendant, **Officer T. Castro,** individually and as a police officer of the City of

Springfield.

6. The Defendant, **Officer J. Bacis,** individually and as a police officer of the City of Springfield.

## FACTS

7. The Plaintiff repeats and incorporates by reference herein paragraphs 1 through 6.

8. On or about November 7, 2018, the Defendants, **Officer Richard ward, Officer T. Castro and Officer J. Bacis** were dispatched to the property of 46 Alderman Street, Springfield, MA 01108 for a report of a disturbance between the Plaintiff's children.

9. The Defendants, **Officer T. Castro and Officer J. Bacis**, were the first to arrive on the scene but the dispute had already ended.

10. The Defendants, **Officer T. Castro and Officer J. Bacis**, were speaking with the Plaintiff's children when the Defendant, **Officer Richard Ward,** arrived.

11. The Plaintiff, **Guistina Aprileo**, greeted the Defendant, **Officer Richard Ward,** at the front door to inform him that the dispute had ceased and he was no longer needed as the scene was under control.

12. The Defendant, **Officer Richard Ward,** elected to instead insult the Plaintiff, **Guistina Aprileo's,** parenting abilities and forced his way into the home.

13. The Defendant, **Officer Richard Ward,** proceeded to place the Plaintiff, **Guistina Aprileo,** in a forced arm bar breaking the Plaintiff's elbow in the process.

14. The Defendants, **Officer T. Castro and Officer J. Bacis,** did nothing in defense of the Plaintiff or to stop **Officer Richard Ward** from causing harm to the Plaintiff.

15. The Plaintiff was then held in jail overnight and was not provided any medical attention

16. It was not until the following morning after her release that she was able to seek proper

medical attention for her injuries.

17. On or about October 29, 2020, presentment letters pursuant to M.G.L. c. 258 were sent to Mayor Domenic J. Sarno (See Exhibit A), and Police Commissioner **Cheryl Clapprood** (See Exhibit B) by the late Attorney Harold I. Resnic.

## COUNT I- NEGLIGENCE

18. The Plaintiff repeats and incorporates by reference herein paragraphs 1 through 17.

19. The Springfield Police Department and its police officers failed to prevent its officers from causing harm to the Plaintiff.

20. The Defendants owed the Plaintiff a duty of reasonable care for her safety but failed to exercise the degree of care required.

21. The Defendants are liable for any foreseeable loss caused by their negligence.

22. As a direct result of the negligence of the Defendants, the Plaintiff has suffered personal injury, monetary loss, severe emotional stress and has been otherwise damaged.

WHEREFORE, the Plaintiff demands judgment in such an amount as the court deems equitable and just plus interest, attorney fees and costs.

## COUNT II: EXCESSIVE FORCE

23. The Plaintiff repeats and incorporates by reference herein paragraphs 1 through 22.

24. Springfield Police **Officer Richard Ward** used excessive force to force his way into the Plaintiff's home.

25. Springfield Police **Officers T. Castro** and **J. Bacis** failed to prevent or stop the excessive force used by **Officer Richard Ward** to prevent the harm to the Plaintiff.

26. The Plaintiff was physically assaulted by **Officer Ward** upon his wrongful entry into the home.

27. The Plaintiff has sought medical treatment for her injuries from the date of the incident to the present time.

WHEREFORE, the Plaintiff demands judgment in such an amount as the court deems equitable and just plus interest, attorney fees and costs.

## COUNT III: VIOLATION OF 42 U.S.C. 1983

28. The Plaintiff repeats and incorporates by reference paragraphs 1 through 28.

29. On or about November 7, 2018, **Springfield Officers T. Castro, J. Bacis,** and **Richard Ward** were dispatched to 46 Alderman Street, Springfield, MA 01108 for a report of a disturbance in process, which resulted in the Plaintiff sustaining severe personal injuries.

30. At all times material hereto, the Defendant, **Cheryl Clapprood,** was the duly appointed and presently acting Police Chief of the Springfield Police Department.

31. At all times material hereto, all individual Defendants were employed by the City of Springfield and acting under color of law in their official capacity.

32. At all times material hereto, the individual police officers were employed by the City of Springfield and acting under the color of law in their official capacity.

33. At all times material hereto, the individual Defendants, individually and in concert were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts, and the County of Hampden. The individual Defendants engaged in the illegal conduct herein mentioned to the injury of the Plaintiff and deprived her of the rights, privileges, and immunities secured by the Plaintiff by the 14th Amendment of the Constitution of Untied States and the laws of the United States.

34. The City of Springfield acted in a grossly negligent manner and with deliberant

indifference in establishing and maintaining a custom of inadequate training and supervision.

35. The grossly negligent conduct of these Defendants deprived the Plaintiff of her constitutional right and led to permanent injury.

36. The harm caused to the Plaintiff was the result of the Defendants officers implements or executing the policies, practices, customs, or regulations officially adopted and promulgated by the Springfield Police Department under the direction of Commissioner **Cheryl Clapprood.**

WHEREFORE, the Plaintiff demands, pursuant to 42 U.S.C. 1983:

   a. That the Plaintiff be awarded damages in such amount as the Court deems equitable and just;

   b. That each of the individual Defendants be assessed punitive damages;

   c. That the Plaintiff be awarded reasonable costs and expenses of this action, including interest and attorney's fees.

## COUNT IV: VIOLATION OF M.G.L. C. 12 Sec. 11I

37. The Plaintiff repeats and incorporates by reference paragraphs 1 through 36.

38. The Defendants interfered or attempted to interfere by threat, intimidation or coercion, with the Plaintiff's exercise or enjoyment of rights secured by the Constitution of the United States or the Commonwealth of Massachusetts.

WHEREFORE, the Plaintiff demands, pursuant to 42 U.S.C. 1983:

   a. That the Plaintiff be awarded damages in such amount as the Court deems equitable and just;

   b. That the Plaintiff be awarded reasonable costs and expenses of this action

including interest and attorney's fees.

## **COUNT 5: INTENTIONA INFLICTION OF EMOITONAL DISTRESS**

39. The Plaintiff repeats and incorporates by reference paragraphs 1 through 38.

40. The acts and omissions of the Defendants constituted extreme and outrageous conduct, which caused permanent injury and emotional stress to the Plaintiff.

WHEREFORE, the Plaintiff demands judgment in such an amount as the court deems equitable and just plus interest, attorney fees and costs.

The Plaintiff respectfully requests a trial by jury as to all issues in this complaint.

The Plaintiff,
**Guistina Aprileo**

By: *[signature]*
Jason R. Herrick, Esquire
Law Office of Jason R. Herrick, P.C.
BBO # 647446
10 School Street
Westfield, MA  01085
(413) 568-5200 Telephone
(413) 568-5255 Fax

DATED: 10/15/21

# Exhibit A

LAW OFFICES OF
# HAROLD I. RESNIC
One Monarch Place
1414 Main Street, Suite 1450
Springfield, MA 01144
(413) 733-7110
Fax (413) 747-8044
harold@resniclaw.com

October 29, 2020

**Presentment Letter Sent via First-Class Certified Mail No. 7019 1120 0001 5763 7316**

The Honorable Mayor, Domenic J. Sarno
36 Court Street
Springfield, MA 01103

Re:   Guistina Aprileo v. City of Springfield, et al.
      Date of Arrest: November 7, 2018

Dear Mayor Domenic J. Sarno:

Please be advised that this office represents Guistina Aprileo, Valeria Aprileo, and Antonio Aprileo for injuries they sustained in connection with an incident occurring on November 7, 2018 at the address of 46 Alderman St., Springfield, MA. This letter is being sent pursuant to M.G.L. c.258. The incident in question relates to a reported domestic dispute that took place at the above-stated address in the afternoon hours of November 7, 2018.

## BACKGROUND

A brief summary of the facts relative to this claim is as follows: On November 7, 2018, the Springfield Police were summoned to a house at 46 Alderman St, where Guistina Aprileo and her children reside, regarding a potential domestic disturbance between Ms. Aprileo's

children. The officers who showed up at the scene of the alleged disturbance were Officers Richard Ward, Officer T. Castro, and Officer J. Bacis.

On November 7, 2018, Guistina Aprileo called the Springfield Police to check in on her arguing children. Previous to this encounter, the police have done well-being/crisis checks on Ms. Guistina Aprileo and her children. Her children have mental health issues from years of domestic abuse caused by their father.

Two officers arrived and they were interviewing the kids who were home, Valeria Aprileo, Antonio Aprileo, Anna-bella Aprileo, and their visiting friend Lianna. Guistina Aprileo then saw third officer arriving, Officer Richard Ward, and greeted him at the door. The scene was under control. There was no known knife threat as written in Officer Ward's police report.

Officer Ward, upon entry of the house, told Guistina Aprileo that she needed to, "Kick her children out, and she was an unfit mother." In reply to this she told Officer Ward he was not needed, and he should leave her house.

Officer Ward then proceeded to forcibly arrest Guistina Aprileo by putting her in arm bar take down and breaking her elbow in the process. When her child Anna-bella came to see what was taking place, Officer Ward reached out and started to choke her. Valeria started to record the incident and then Officer Ward used his O.C.(pepper spray) on her and Antonio who had also came into the room at this time. The other police officers on the scene did not act in defense of Ms. Aprileo or her children. Guistina Aprileo, and her two children, Antonio and Valeria were then brought to the police station for booking.

## LIABILITY

The City of Springfield was negligent in the way it trained and supervised its police officers, which was the direct and proximate cause of the permanent injuries sustained by my clients.

Whether Officer Ward acted in a reasonable manner when addressing the November 7, 2018 incident regarding Ms. Aprileo and her children is a question that is answered quite easily. The Officer's actions after the point of entry were unnecessary and highly unprofessional. There was no indication of exigent circumstances, and threats being directed

toward himself or the other officers on the scene. Ms. Aprileo states by the time Officer Ward arrived the arguing had ceased, and her son was stable and calm.

If Ms. Aprileo was acting belligerently and/or verbally assaulting them, the act of throwing her onto the outer porch was unnecessary, malicious and illegal. Officer Ward chose the most destructive option because he was angry at her. Guistina Aprileo suffered from a Coracoid fracture in her left elbow. A rare hard-to-treat fracture. She missed approximately three months of work as a result. Valeria Aprileo and Antonio Aprileo both suffer from post-traumatic stress syndrome and debilitating depression.

Finally, Ms. Aprileo was charged with three offenses relating to the events of November 7, 2018: Resisting Arrest; Disorderly Conduct; and Assault and Battery on a Police Officer. Ms. Aprileo's charges were dismissed. Her children's charges remain on their records, hindering them further.

Pursuant to M.G.L. c. 258, you have six months to investigate this claim before making a reasonable offer of settlement. In an attempt to expedite this process, I am prepared to provide you with any and all documentation you may need to fully assess the validity of this claim.

Sincerely,

Harold I. Resnic, Esq.

HIR/rc

# Exhibit B

LAW OFFICES OF
# HAROLD I. RESNIC
One Monarch Place
1414 Main Street, Suite 1450
Springfield, MA 01144
(413) 733-7110
Fax (413) 747-8044
harold@resniclaw.com

October 29, 2020

**Presentment Letter Sent via First-Class Certified Mail No. 7019 1120 0001 5763 7309**

City of Springfield Police Department
Attn: Springfield Police Commissioner Cheryl Clapprood
130 Pearl Street
Springfield, MA 01105

Re: <u>Guistina Aprileo v. City of Springfield, et al.</u>
    Date of Arrest: November 7, 2018

Dear Commissioner Cheryl Clapprood:

Please be advised that this office represents Guistina Aprileo, Valeria Aprileo, and Antonio Aprileo for injuries they sustained in connection with an incident occurring on November 7, 2018 at the address of 46 Alderman St., Springfield, MA. This letter is being sent pursuant to M.G.L. c.258. The incident in question relates to a reported domestic dispute that took place at the above-stated address in the afternoon hours of November 7, 2018.

## BACKGROUND

A brief summary of the facts relative to this claim is as follows: On November 7, 2018, the Springfield Police were summoned to a house at 46 Alderman St, where Guistina Aprileo and her children reside, regarding a potential domestic disturbance between Ms. Aprileo's

children. The officers who showed up at the scene of the alleged disturbance were Officers Richard Ward, Officer T. Castro, and Officer J. Bacis.

On November 7, 2018, Guistina Aprileo called the Springfield Police to check in on her arguing children. Previous to this encounter, the police have done well-being/crisis checks on Ms. Guistina Aprileo and her children. Her children have mental health issues from years of domestic abuse caused by their father.

Two officers arrived and they were interviewing the kids who were home, Valeria Aprileo, Antonio Aprileo, Anna-bella Aprileo, and their visiting friend Lianna. Guistina Aprileo then saw third officer arriving, Officer Richard Ward, and greeted him at the door. The scene was under control. There was no known knife threat as written in Officer Ward's police report.

Officer Ward, upon entry of the house, told Guistina Aprileo that she needed to, "Kick her children out, and she was an unfit mother." In reply to this she told Officer Ward he was not needed, and he should leave her house.

Officer Ward then proceeded to forcibly arrest Guistina Aprileo by putting her in arm bar take down and breaking her elbow in the process. When her child Anna-bella came to see what was taking place, Officer Ward reached out and started to choke her. Valeria started to record the incident and then Officer Ward used his O.C.(pepper spray) on her and Antonio who had also came into the room at this time. The other police officers on the scene did not act in defense of Ms. Aprileo or her children. Guistina Aprileo, and her two children, Antonio and Valeria were then brought to the police station for booking.

## LIABILITY

The City of Springfield was negligent in the way it trained and supervised its police officers, which was the direct and proximate cause of the permanent injuries sustained by my clients.

Whether Officer Ward acted in a reasonable manner when addressing the November 7, 2018 incident regarding Ms. Aprileo and her children is a question that is answered quite easily. The Officer's actions after the point of entry were unnecessary and highly unprofessional. There was no indication of exigent circumstances, and threats being directed

toward himself or the other officers on the scene. Ms. Aprileo states by the time Officer Ward arrived the arguing had ceased, and her son was stable and calm.

If Ms. Aprileo was acting belligerently and/or verbally assaulting them, the act of throwing her onto the outer porch was unnecessary, malicious and illegal. Officer Ward chose the most destructive option because he was angry at her. Guistina Aprileo suffered from a Coracoid fracture in her left elbow. A rare hard-to-treat fracture. She missed approximately three months of work as a result. Valeria Aprileo and Antonio Aprileo both suffer from post-traumatic stress syndrome and debilitating depression.

Finally, Ms. Aprileo was charged with three offenses relating to the events of November 7, 2018: Resisting Arrest; Disorderly Conduct; and Assault and Battery on a Police Officer. Ms. Aprileo's charges were dismissed. Her children's charges remain on their records, hindering them further.

Pursuant to M.G.L. c. 258, you have six months to investigate this claim before making a reasonable offer of settlement. In an attempt to expedite this process, I am prepared to provide you with any and all documentation you may need to fully assess the validity of this claim.

Sincerely,

*Harold I. Resnic*

Harold I. Resnic, Esq.

HIR/rc

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER**

**Trial Court of Massachusetts
The Superior Court**

**COUNTY** Hampden Superior Court (Springfield)

| | |
|---|---|
| Plaintiff: Guistina Aprileo | Defendant: Cheryl Clapprood, Richard Ward, T. Castro, J. Bacis, and the City of Springfield |
| ADDRESS: 46 Alderman Street, Springfield, MA 01108 | ADDRESS: 130 Pearl Street, Springfield, MA 01105, and 36 Court Street Springfield, MA 01103 |
| Plaintiff Attorney: Jason R. Herrick | Defendant Attorney: |
| ADDRESS: 10 School Street, Westfield, MA 01085 | ADDRESS: |
| BBO: 647446 | BBO: |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Negligence, Personal Injury, and Civil Rights | F | ☒ YES ☐ NO |

"Other" please describe: _____

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

Documented medical expenses to date
1. Total hospital expenses ............................................................. $3,231.00
2. Total doctor expenses ............................................................. _____
3. Total chiropractic expenses ............................................................. _____
4. Total physical therapy expenses ............................................................. _____
5. Total other expenses (describe below) ............................................................. _____

Subtotal (1-5): $3,231.00

Documented lost wages and compensation to date ............................................................. _____
Documented property damages to date ............................................................. _____
Reasonably anticipated future medical and hospital expenses ............................................................. _____
Reasonably anticipated lost wages ............................................................. _____
Other documented items of damages (describe below) ............................................................. _____

TOTAL (A-F): $3,231.00

Briefly describe plaintiff's injury, including the nature and extent of injury:
Left arm contusion, left elbow fracture, elbow sprain, and muscle spasms

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _[signature]_   Date: 10/19/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _[signature]_   Date: 10/19/21

SC0001: 1/22/2021   www.mass.gov/courts   Date/Time Printed:10-19-2021 09:49:07

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2179CV00540 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Aprileo, Guistina vs. Cheryl Clapprood, Individuallt and as Police Commissioner of the City of Springfield et al | | Laura S Gentile, Clerk of Courts |
| TO: File Copy | | COURT NAME & ADDRESS<br>Hampden County Superior Court<br>Hall of Justice - 50 State Street<br>P.O. Box 559<br>Springfield, MA 01102 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/18/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 02/15/2022 | |
| All motions under MRCP 12, 19, and 20 | 02/15/2022 | 03/17/2022 | 04/19/2022 |
| All motions under MRCP 15 | 02/15/2022 | 03/17/2022 | 04/19/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 08/15/2022 | | |
| All motions under MRCP 56 | 09/13/2022 | 10/13/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/10/2023 |
| Case shall be resolved and judgment shall issue by | | | 10/18/2023 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 10/19/2021 | William T Walsh, Jr. | (413)735-6016 |

Date/Time Printed: 10-19-2021 10:44:24                              SCV026\ 08/2018