| | |
|---|---|
| GUISTINA APRILEO,<br>    Plaintiff,<br><br>v.<br><br>CITY OF SPRINGFIELD, et. al.,<br>    Defendants | MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY AND AMEND THIS COURT'S ORDER OF AUGUST 6, 2024, 28 U.S.C. S 1292(b) and FED. R. APP. P. 5(a)(3) |

## I.   INTRODUCTION

Defendants Cheryl Clapprood, Richard T. Ward, Thalia Castro, Jason Bacis, and the City of Springfield ("Defendants") respectfully request that this Honorable Court amend its order dated August 6, 2024, pursuant to 28 U.S.C. § 1292(b) and FED. R. APP. P. 5(a)(3), to certify the order for interlocutory appeal. The issue at hand is the applicability of the Heck v. Humphrey, 512 U.S. 477 (1994) decision to a federal civil rights claim where the underlying criminal disposition involved a plea under M.G.L. c. 276 § 87. This request is based on the assertion that the Court's order involves a controlling question of law, one that is a matter of first impression, and about which there is substantial ground for difference of opinion. An immediate appeal from the order may materially advance the ultimate termination of the litigation.

## II.   BACKGROUND

Plaintiff Guistina Aprileo ("Plaintiff") initiated this action against Defendants Cheryl Clapprood, Richard T. Ward, Thalia Castro, Jason Bacis, and the City of Springfield ("Defendants") following her arrest on January 20, 2021. The Plaintiff asserts claims including excessive force against Officer Richard T. Ward, failure to intervene against Officers Thalia Castro and Jason Bacis, and various state law claims. Additionally, the Plaintiff brings a *Monell*

claim against the City of Springfield and Cheryl Clapprood, alleging a failure to train and supervise its officers.

This case was originally filed in the Hampden County Superior Court and was removed to the United States District Court for the District of Massachusetts on November 10, 2021. Doc. No. 1. The case was assigned to Judge Mark G. Mastroianni, with Magistrate Judge Katherine A. Robertson managing the pretrial proceedings. Following extensive discovery, the Defendants filed a motion for summary judgment on August 30, 2023, arguing that they were entitled to judgment as a matter of law. Doc. No. 33.

Magistrate Judge Robertson, in her Report and Recommendation issued on May 21, 2024, recommended granting in part and denying in part the Defendants' motion for summary judgment. Doc. 54. She concluded that the Plaintiff's claims against Officers Ward and Castro for excessive force and failure to intervene, respectively, should proceed to trial. She recommended dismissing the Monell claim against the City of Springfield and charges against Officer Bacis. Additionally, Judge Robertson addressed the applicability of the *Heck* doctrine, concluding that it did not bar Plaintiff's § 1983 claims because the Plaintiff's criminal charges were dismissed following successful pretrial probation under M.G.L. c. 276 § 87.

In response, the Defendants filed an objection to Magistrate Judge Robertson's Report and Recommendation on June 4, 2024, specifically challenging her conclusion regarding the Heck issue. Doc. 55. The Defendants argued that the Plaintiff's acceptance of pretrial probation should be treated as a de facto conviction, thereby triggering Heck preclusion. Judge Mastroianni adopted the Report and Recommendation on August 6, 2024, Doc 56, leading to the present motion.

### III. ARGUMENT
#### A. STANDARD FOR DISCRETIONARY INTERLOCUTORY REVIEW

Under 28 U.S.C. § 1292(b) provides a methodology for discretionary interlocutory appeal. Such statute provides:

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Appellate Rule 5(a)(3) provides that the district court can amend the underlying order to include the certifying statement.

The Defendants file this request aware that "the instances where Section 1292(b) may appropriately be utilized will, realistically, be few and far between" and is "hen's teeth rare." Camacho v. Puerto Rico Port Auth., 369 F.3d 570, 573 (1st Cir. 2004). Nonetheless, the Defendants suggest that the circumstances of this case make a compelling case for this Court to exercise its discretion and certify this matter for interlocutory review. Such interlocutory review should be sparingly used "and only in exceptional circumstances and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." See Heddendorf v. Goldfine, 263 F.2d 887, 888 (1st Cir. 1959) (quoting Kroch v. Texas Co., 167 F. Supp. 947, 949 (D.C.S.D.N.Y. 1958)) (Section 1292(b) "should be used sparingly and only in exceptional cases").

The order or ruling at issue must present: (1) a "controlling question of law," (2) over which there is a "substantial ground for difference of opinion," and (3) an immediate appeal will

"materially advance the ultimate termination of the litigation..." Moreover, the First Circuit has indicated that "[i]n applying these standards, the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging 'piecemeal appeals." Heddendorf, 263 F.2d at 889; "Perhaps there is always some hardship caused by the application of the 'final decision' rule. Yet the rule is beneficial in most applications, because piecemeal appeals would result in even greater hardships and tremendous additional burdens on the courts and litigants which would follow from allowing appeals from interlocutory orders on issues that might later become moot. The 'discretion' of the appellate court should be exercised in the light of this fundamental consideration." In the present case, as addressed below, allowing the interlocutory review will not result in piecemeal appeals. Rather the ruling from the First Circuit on this fundamental issue will clarify the issues for trial, and may result in dismissal of most of the case.

### B. THE ORDER AT ISSUE PRESENTS A CONTROLLING ISSUE OF LAW

The central issue—whether the Heck v. Humphrey, 512 U.S. 477 (1994) doctrine precludes the Plaintiff's §1983 claims due to the underlying criminal disposition under M.G.L. c. 276 §87—has been analyzed by both Magistrate Judge Robertson and Judge Mastroianni. Doc. 54, 56. These analyses underscore the novelty and the substantial grounds for differences in judicial opinion.

Judge Mastroianni, reviewing the matter de novo, explicitly recognized that this issue remains unresolved within the First Circuit. Judge Mastroianni's Memorandum and Order, Doc. 56 p. 3. His decision underscored the importance of this legal question, noting that "whether *Heck* applies in this context has not been definitively resolved by the First Circuit." Id. The significance of the Heck doctrine lies in its potential to bar a plaintiff's §1983 claims if a

favorable judgment would necessarily imply the invalidity of a prior criminal conviction. In this case, the decision to allow Plaintiff's § 1983 claims to proceed despite the pretrial probation disposition under M.G.L. c. 276 § 87 challenges the traditional application of Heck preclusion within this jurisdiction. Cabot v. Lewis, 241 F. Supp. 3d 239, 254 (D. Mass. 2017); Cardoso v. City of Brockton, 62 F. Supp. 3d 185, 186-87 (D. Mass. 2015); Kennedy v. Town of Billerica, 2014 WL 4926348, at *1-3 (D. Mass. Sept. 30, 2014).

Magistrate Judge Robertson, in her Report and Recommendation at Doc. 54, analyzed the applicability of the Heck doctrine in the context of a pretrial probation disposition under M.G.L. c. 276 § 87. She concluded that the Heck bar is not applicable when there is no conviction that could be invalidated by a successful civil claim. Robertson's Report and Recommendation, Doc. 54, pp. 8-18. Specifically, she stated, "the court is not convinced that the First Circuit would consider the disposition of the criminal charges against Plaintiff a conviction for purposes of *Heck*." Id at p. 9. Magistrate Judge Robertson also acknowledged contrasting decisions within the District of Massachusetts, such as Cardoso v. City of Brockton, 62 F. Supp. 3d 185, 186-87 (D. Mass. 2015) and Kennedy v. Town of Billerica, 2014 WL 4926348, at * 2-3 (D. Mass. Sept. 30, 2014), which had interpreted Heck differently, applying the doctrine to pretrial probation cases.

This unresolved legal question presents a controlling issue of law, as its resolution could significantly impact the outcome of this case and similar cases within the First Circuit. The fact that different district courts within the same jurisdiction have applied *Heck* in various ways further demonstrates that there is substantial ground for difference of opinion on this issue. Given the potential for this issue to materially advance the ultimate termination of the litigation—either by barring the Plaintiff's claims or by clarifying the scope of *Heck*—it falls

squarely within the criteria set forth in 28 U.S.C. § 1292(b) for interlocutory appeal. Immediate appellate review is therefore appropriate under 28 U.S.C. § 1292(b) to resolve this pivotal legal question, ensuring that the case proceeds on a clear and definitive legal foundation.

Both judges, through their decisions, reflect a substantial and legitimate judicial uncertainty about applying Heck in cases where criminal charges are resolved by means not leading to a formal conviction. This divergence of opinions among district courts, coupled with a lack of definitive guidance from the First Circuit, justifies an interlocutory appeal to clarify whether Heck should indeed apply under these circumstances. The Defendants previously argued, referencing earlier district court decisions, that pretrial probation should be treated as a de facto conviction under Heck, citing <u>Cardoso v. City of Brockton</u>, 62 F. Supp. 3d 185 (D. Mass. 2014), and <u>Kennedy v. Town of Billerica</u>, 2014 WL 4926348 (D. Mass. Sept. 30, 2014), which supported this position.

These references and judicial interpretations underscore the controlling nature of this legal issue, as its resolution is essential to determine the further conduct of the litigation, profoundly affecting both the scope and the direction of the case. Thus, the issue is not only pivotal but also ripe for review by the appellate court to secure a uniform understanding and application of the law.

### C. **THE ISSUE IS A MATTER OF FIRST IMPRESSION WITH SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION**

The interpretation of the <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) doctrine in the context of a plea under M.G.L. c. 276 § 87 presents a significant and novel legal question. As both Judge Mastroianni and Magistrate Judge Robertson recognized, there is no definitive ruling from the First Circuit on whether a pretrial probation disposition under this statute should be treated as a conviction for the purposes of <u>Heck</u> preclusion.

Magistrate Judge Robertson's Report and Recommendation highlighted this lack of controlling authority, noting that the First Circuit has not directly addressed whether Heck applies to a §1983 claim following the successful completion of pretrial probation under M.G.L. c. 276 §87. She pointed out that while district courts in Massachusetts have applied Heck in such cases, other districts have declined to do so, particularly where no formal conviction was entered. Robertson cited the district court's ruling in Cabot v. Lewis, 241 F. Supp. 3d 239 (D. Mass. 2017), where the court treated a pretrial probation disposition as sufficient to trigger Heck preclusion, emphasizing that it equated to an acknowledgment of sufficient facts for a finding of guilt. Judge Robertson also contrasted this with other cases, like Duarte v. City of Stockton, 60 F.4th 566 (9th Cir. 2023), from the Ninth Circuit, which held that Heck should not apply when there is no conviction or admission of guilt. She held that the absence of a conviction or formal adjudication in the Plaintiff's case aligns more closely with this reasoning, suggesting that Heck should not bar the Plaintiff's civil rights claims.

Judge Mastroianni, in his de novo review, agreed with Robertson's assessment and acknowledged that this issue remains unresolved within the First Circuit. He underscored the novelty of the legal question, highlighting that permitting the Plaintiff's § 1983 claims to proceed despite the pretrial probation disposition under M.G.L. c. 276 § 87 represents a departure from the conventional application of Heck preclusion within this jurisdiction.

This divergence in district court decisions, along with the absence of definitive guidance from the First Circuit, underscores the substantial grounds for difference of opinion. In the Defendants' memorandum for summary judgment, we argued that the Plaintiff's acceptance of pretrial probation should, under a Heck analysis, be treated as a de facto conviction, thereby triggering Heck preclusion, or at the very least allowing the analysis of Heck as cited in Judge

Robertson's Report and Recommendation at p. 15-18. This position is reinforced by precedents within this circuit, including Cardoso v. City of Brockton, 62 F. Supp. 3d 185 (D. Mass. 2014), and Kennedy v. Town of Billerica, Civil Action No. 10-11457-GAO, 2014 WL 4926348 (D. Mass. Sept. 30, 2014), as supporting their position, where courts have held that pretrial probation under similar circumstances does indeed bar subsequent §1983 claims.

Moreover, allowing the Plaintiff's claims to proceed would set a dangerous precedent, effectively permitting individuals who accept pretrial probation to later challenge the lawfulness of their arrests and the conduct of police officers, despite having avoided a formal conviction. This position aligns with the policy considerations outlined by the Heck Court and adopted by the Second Circuit in Roesch v. Otarola, 980 F.2d 850, 852-53 (2d Cir. 1992) (federal courts should avoid parallel civil and criminal trials regarding the same conduct, as they could lead to conflicting outcomes). The Third Circuit in Gilles v. Davis, 427 F.3d 197, 209 (3rd Cir. 2005), further emphasized that allowing civil rights actions following pretrial probation would consume resources saved by dismissing the criminal proceedings. The Defendants further asserted that this would undermine the finality of criminal proceedings and contradict the principles underpinning the Heck doctrine. The Court in Kennedy v. Town of Billerica, 2014 WL 4926348, at *3 (D. Mass. Sept. 30, 2014), echoed this concern, highlighting the importance of upholding plea bargains and settlements in the § 1983 context. The rationale is that permitting a party to settle criminal charges and then later challenge the arrest or police conduct in a civil suit would erode the finality and compromise resolution of criminal cases, jeopardizing the efficiency and effectiveness of the justice system. Olsen v. Correiro, 189 F.3d 52, 69 (1st Cir. 1999). This principle is particularly relevant here, as the Plaintiff's acceptance of pretrial probation implicitly

acknowledges the probable cause for the arrest, which should preclude subsequent civil litigation challenging that very arrest.

The importance of resolving this legal question cannot be overstated. If the appellate court agrees with the defendants' position, it could significantly alter the landscape of civil rights litigation within the First Circuit, particularly in cases involving pretrial probation under M.G.L. c. 276 § 87. On the other hand, affirming the lower court's decision would establish a critical precedent that clarifies the limits of *Heck* preclusion, providing necessary guidance to courts and litigants alike.

Given the split in authority and the potential implications of the court's ruling, this issue is quintessentially one of first impression that warrants interlocutory review. The substantial grounds for difference of opinion, as evidenced by the contrasting decisions within the district and the vigorous arguments presented by the defendants, further support the need for appellate intervention at this stage.

### D. **An Immediate Appeal Will Materially Advance the Litigation**

Certifying whether the <u>Heck</u> doctrine applies to bar the Plaintiff's § 1983 claims entirely or in part is crucial to determining the scope and progression of this litigation. Magistrate Judge Robertson's Report and Recommendation, at pages 15-18, acknowledges that while *Heck* might not completely bar the Plaintiff's claims, it could significantly narrow the theories of liability and issues that can be presented at trial. <u>Doc. 54</u>.

Judge Robertson indicated that <u>Heck</u> could preclude claims based on the argument that Officer Ward's initial use of force was unlawful, particularly if the court determines that the Plaintiff's criminal disposition under M.G.L. c. 276 § 87 equates to an acknowledgment of wrongdoing. <u>Doc. 54, pp. 15-18</u>. However, she also noted that the Plaintiff might still pursue

claims on the theory that, even if her behavior provoked Officer Ward's response, his use of force was unreasonable or excessive due to its disproportionate nature or because it continued after the need for force had dissipated. Id.

This nuanced application of Heck underscores the need for interlocutory appellate review. A decision by the First Circuit on this matter could streamline the litigation by clarifying the legal boundaries within which the Plaintiff's claims can proceed. If the appellate court determines that Heck applies to bar certain aspects of the Plaintiff's claims, it would eliminate the need to litigate issues that could ultimately be deemed irrelevant, thereby conserving judicial resources and reducing litigation costs for all parties involved.

Even if Heck does not entirely bar the claims, an appellate ruling could provide critical guidance on the permissible scope of the Plaintiff's theories, potentially limiting the factual disputes and legal arguments that will need to be resolved at trial. This would advance the litigation by focusing the trial on the core issues in dispute, avoiding unnecessary complexity and the risk of subsequent appeals on unresolved legal questions.

Given the potential to narrow the issues and streamline the litigation, an immediate appeal is not only appropriate but necessary to ensure the efficient and just resolution of this case.

IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court amend its order of August 6, 2024, to certify that the issue of whether the *Heck* doctrine applies to a federal civil rights claim following a plea under M.G.L. c. 276 § 87 is appropriate for discretionary interlocutory appellate review under 28 U.S.C. § 1292(b) and FED. R. APP. P. 5(a)(3).
.

|  | Respectfully submitted,<br>The Defendants, Cheryl Clapprood, Thalia Castro, Jason Bacis and City of Springfield by their attorneys, |
|---|---|
| Dated: August 14, 2024 | /s/ Tyler J. Kenefick<br>Tyler J. Kenefick, Esq. BBO#696304<br>City of Springfield Law Department<br>1600 E. Columbus Ave., 2nd Floor<br>Springfield, MA 01103<br>Tel: (413) 886-5198<br>tkenefick@springfieldcityhall.com |
|  | /s/ Lisa C. deSousa<br>Lisa C. deSousa, Esq. BBO#546115<br>City of Springfield Law Department<br>1600 E. Columbus Ave., 2nd Floor<br>Springfield, MA 01103<br>Tel: (413) 886-5205<br>Email: ldesousa@springfieldcityhall.com |
| Dated: August 14, 2024 | Respectfully submitted,<br>The Defendant, Richard T. Ward,<br>By his attorney:<br><br>/s/ Kevin Coyle [TK]<br>Kevin Coyle, Esq., BBO#103540<br>1299 Page Blvd.<br>Springfield, MA 01104<br>Tel: (413) 787-1524<br>attycoyle@aol.com |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true copy of the within was this day served upon the parties via the Federal Court's ECF Notice and Delivery System. I am not aware of any

party who is a non-registered participant, and therefore electronic filing is the sole means of service of this document.

    Signed under the pains and penalties of perjury.


Dated:                                                           /s/ Tyler J. Kenefick
                                                                   Tyler J. Kenefick, Esq.